UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WALTER GABRIEL and<br>DEBORAH GABRIEL | * | CIVIL ACTION |
| versus | * | NO. 09-2510 |
| UNITED NATIONAL INSURANCE<br>COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss for insufficiency of process. For the reasons that follow, the motion is DENIED.

## Background

Plaintiffs' counsel filed several "mass joinder insurance cases", in which numerous policyholders sued multiple insurance companies for breach of contract and bad faith arising from Hurricane Katrina damage; some of the cases filed were consolidated in Civil Action No. 05-4182, Section K, so that issues of flood exclusion could be resolved and mass settlement efforts could be undertaken. The Gabriels were initially parties to one such multi-plaintiff, multi-defendant action filed on the second anniversary of Hurricane Katrina. United National Insurance Company was named as one of the many insurance company defendants, but was never served with the initial mass joinder complaint.

On October 25, 2007, Judge Duval administratively closed the

1

mass joinder case, Abadie v. Aegis, Civil Action No. 07-5112 (Abadie II), which was the second mass joinder filed by plaintiffs' counsel,[1] so that legal issues concerning the wind versus water exclusion could be resolved by the appellate courts. Apparently none of the defendant insurers opposed the motion for administrative closure.

Shortly after the Louisiana Supreme Court decided Sher v. Lafayette Ins. Co., 988 So.2d 186 (La. 2008), on January 12, 2009, Magistrate Judge Wilkinson issued an Order severing many of the misjoined cases from Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182 "K"(2); the order required that, no later than January 30, 2009, plaintiffs' counsel must file on behalf of each plaintiff an individualized amended complaint asserting only those claims against the appropriate insurance company defendant; plaintiffs' counsel was also ordered to provide the Clerk of Court with a prepared summons for the amended complaint.

On January 30, 2009, the Gabriels filed a Supplemental and

---

[1] On the one year anniversary of Hurricane Katrina, on August 26, 2006, plaintiffs' counsel filed a mass joinder action, Abadie v. Aegis, Civil Action No. 06-5164 (Abadie I), which was consolidated in March 2007 with other cases and class actions in the In Re Katrina Canal Breaches Consolidated Litigation, Civil Action No. 05-4182. On March 27, 2007, Judge Duval ordered Abadie I administratively closed to allow the parties an opportunity to settle the claims. State Farm was the only defendant to object to the administrative closure, and Judge Duval ordered only State Farm's cases to be severed at that time.

Amending Complaint Pursuant to Order of Severance Dated January 8, 2009, naming United National Insurance Company as defendant. United National was served with the amended complaint on June 3, 2009. United National now moves to dismiss on the ground that it was never served with a copy of the original complaint filed in the mass joinder action filed more

I.

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for insufficiency of service of process. Rule 4(m) allows the district court to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Fifth Circuit has instructed that the analysis under Rule 4(m) proceeds as follows:

> [W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend the time for service.

Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)(emphasis in original). This "good cause" under Rule 4(m) requires that the plaintiffs carry their burden to demonstrate:

> **at least** as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement **and** some reasonable basis for noncompliance within the time specified' is normally required.

Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 4A Wright & Miller Federal Practice and Procedure: Civil § 1165 at 480) (emphasis in original). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." Id. at 1305-06.

If "good cause" is shown, the Court must extend the time for service. Fed.R.Civ.P. 4(m). On the other hand, if plaintiff fails to show "good cause", then the Court has two choices: either dismiss the suit without prejudice, or extend the time for service. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996); Millan v. USAA General Indemnity Co., 546 F.3d 321, 325 (5th Cir. 2008)(a discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in

4

attempted service")(citing Fed.R.Civ.P. 4(m) advisory committee's note (1993)). Where the applicable statute of limitations likely bars future litigation, the Court's discretion to dismiss claims under Rule 4(m) is limited: the Court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" Millan v. USAA General Indemnity Co., 546 F.3d 321, 325-26 (5th Cir. 2008)(noting that dismissals with prejudice are generally affirmed where at least one of three aggravating factors are present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct").

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failing to effect timely service. See Systems Signs Supplies v. U.S. Dept. of Justice, Washington D.C., 903 F.2d 1011 (5th Cir. 1990); see also McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. denied, 510 U.S. 1191 (1994).

## II.

United National asks the Court to dismiss the plaintiffs' suit without prejudice because the plaintiffs failed to serve the original mass joinder complaint within 120 days of its filing. (United National does not contest that it was timely served with the amended complaint.)

It is undisputed that the plaintiffs did not effect timely service of the original mass joinder complaint on United National. The plaintiffs suggest that they have shown good cause warranting an extension, but fail to point out in the record, or even in argument, how they have met the good cause standard. It appears only that counsel for plaintiffs may be suggesting that his own conduct in filing mass joinder actions (in violation of both the federal rules and the Court's filing fee requirements) somehow equates with good cause. To the contrary, the Court finds that counsel's actions are tantamount only to a lapse of attention to the Rules, which does not rise to the level of good cause. <u>See</u> <u>Trania v. United States</u>, 911 F.2d 1155, 1157 (5th Cir. 1990) (noting that "[a]ctions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the 120 day period for service").

Even though the plaintiffs have not shown good cause for failing to effect timely service, the Court's discretion to dismiss the case is limited because a dismissal, even without prejudice, would likely bar future litigation in light of the statute of limitations. Moreover, none of the aggravated factors generally present when the Fifth Circuit affirms dismissals with prejudice are present here: the delay was not caused by the plaintiffs themselves; the defendant has not suggested that it has been

actually prejudiced; and the delay does not appear to be caused by intentional conduct.

Accordingly, the defendant's motion to dismiss for insufficiency of service is DENIED.

New Orleans, Louisiana, August 5, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE